UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.:1:05cv188-R

DONNA LANDRETH, ALAN LANDRETH and
DAVID LANDRETH                                                                                      PLAINTIFFS

v.

UNITED STATES OF AMERICA,
acting by and through its agent,
TENNESSEE VALLEY AUTHORITY and
PROVINE HELICOPTERS, INC.                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Defendants' Motion for Partial Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Dkt. # 12). The Plaintiffs have not responded. This matter is now ripe for adjudication. For the following reasons, the Tennessee Valley Authority's Motion for Partial Judgment is **GRANTED**.

## BACKGROUND

This case involves a dispute over a right of way that was cleared from the Plaintiffs' property by the Tennessee Valley Authority ("TVA") and its contractor, Provine Helicopter Service, Inc. The Plaintiffs have made a claim against the TVA for negligence, breach of easement contracts and trespass, and have requested that punitive damages be assessed against the TVA. The TVA filed this motion, stating that as a matter of law the Plaintiffs may not recover punitive damages from the government or its agents.

## STANDARD

"The standard of review applicable to a motion for judgment on the pleadings under Fed.R.Civ.Pro. 12(c) is the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6). *See Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir.1999). In reviewing the motion, we

must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. [*Mason*] at 400." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Though Congress may waive sovereign immunity so that suits may be filed against its agencies, these governmental agencies cannot be sued for punitive damages unless Congress has explicitly provided for such liability. *Commerce Federal Sav. Bank v. Federal Deposit Ins. Corp.*, 872 F.2d 1240, 1248 (6th Cir. 1989); *DOE v. Ohio*, 503 U.S. 607, 616-617 (1992);

*Painter v. Tennessee Valley Authority*, 476 F.2d 943, 944 (5th Cir. 1973).  In the instant matter, the Plaintiffs have not provided any authority under which the TVA may be held liable for punitive damages.  Courts in other circuits have held that the TVA is not subject to punitive damages. *See Painter*, 476 F.2d at 944 (5th Circuit); *Smith v. Russellville Production Credit Ass'n*, 777 F.2d 1544, 1549-50 (11th Cir. 1985).  In any event, the Plaintiffs do not offer any authority to support their claims against the TVA for punitive damages.  Accordingly, the Plaintiffs' claims for punitive damages against the TVA are dismissed as a matter of law.  TVA's motion is **GRANTED**.

      An appropriate order shall issue.